UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA        )
                                )
v.                              )        No.  3:06-00163
                                )        JUDGE CAMPBELL
DONALD CURTIS REID              )

<u>ORDER</u>

Pending before the Court is a letter dated November 9, 2012 (Docket No. 44), filed by the

parents of Defendant Donald Curtis Reid, seeking his early release due to family hardship.  The

Government has filed a Response (Docket No. 46) to the letter indicating that the sentence

imposed was pursuant to a plea agreement, and contending that the Court lacks authority to grant

the Defendant's release.

On February 26, 2007, the Defendant pled guilty, pursuant to a plea agreement, to being a

convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

(Docket Nos. 26, 27).  At the subsequent sentencing hearing, the Court calculated the

Defendant's initial advisory guideline range as 130 to 162 months, but because the crime of

conviction had a ten-year maximum sentence, 120 months became the advisory guideline range.

(Transcript of Sentencing Hearing, at 5 (Docket No. 42)).  The Court imposed a sentence of 120

months, and at the Defendant's request, ordered the sentence to be served concurrently to the

Defendant's state sentence. (<u>Id.</u>, at 21; Docket Nos. 40, 41).

While the Court recognizes the hardships described in the Reids' letter, the Court does

not have the authority to order the Defendant's early release. A district court has the authority to

alter a sentence only in certain narrow circumstances: (1) to correct a "clear error" within

fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at

any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). This case does not fall within any of these categories.

It is so ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE